# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 18–198-JEB |
| | : | |
| DARIN CARLYLE MOORE, JR. | : | |
| | : | |
| Defendant | : | |

## MOTION TO SUPPRESS GPS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT

Comes now, the Defendant, Darin Moore, by and through his counsel, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., and respectfully moves for an order of this Honorable Court suppressing all evidence obtained by law enforcement officers pursuant to the execution of the GPS warrant authorized by Prince George's County Circuit Court Judge Michael D. Whalen on June 7, 2018.

In support of this Motion, counsel state the following:

1.  Mr. Moore is charged in a five-count indictment alleging kidnapping, conspiracy to commit kidnapping, using, carrying, possessing, brandishing, and discharging a firearm during and in relation to a crime of violence, first-degree murder while armed (premeditated), and first-degree murder while armed (felony murder).

1

2. On June 7, 2018, Detective Edwards, of the Prince George's County Police Department, sought a warrant to attach a Global Positioning System tracking device to Mr. Moore's Nissan Maxima, as part of an ongoing investigation into a May 29, 2018, armed home invasion in Bowie, Maryland. Judge Michael D. Whalen of the Circuit Court for Prince George's County, Maryland, signed the warrant on that date.

3. The search and seizures conducted pursuant to this warrant violated the Fourth Amendment to the United States Constitution.

4. The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the judge's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. *Gates*, 462 U.S. at 23.

5. The affidavit provided in support of the above-listed search and seizure warrant failed to establish probable cause to permit the search authorized. The "good faith" exception to the exclusionary rule noted in *Leon v. United States*,

should not apply in this case for one or more of the following reasons: "1) the search warrant was issued in reliance on misleading omissions in the application; 2) the state judge acted as a 'rubber stamp' in approving the search warrant; 3) the application was legally insufficient for a determination of probable cause; [and/or] 4) the application was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. 897, 923 (1984) (internal citations omitted). In essence, *Leon*'s "good-faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" *United States v. Wilhelm*, 80 F.3d 116, 123 (4th Cir. 1996).

6. The warrant authorized by Judge Whalen in the Circuit Court for Prince George's County was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.*

7. Moreover, Mr. Moore challenges the issuance of the search warrant in question and moves for suppression of the evidence obtained from that warrant based on *Franks v. Delaware*, 438 U.S. 154 (1978).

8. Mr. Moore submits that the application for the search warrant contained knowingly misrepresented material facts. Moreover, Mr. Moore submits that law enforcement knowingly withheld information that would have negated any indicia of probable cause.

9. The warrant application identifies two suspects involved in a residential armed robbery, both described as black males in their 20's, 5'7-8'', with a thin build. The application further falsely states that Mr. Moore, "matches the physical description of the suspects." Exhibit A.

10. Mr. Moore in no way matches the physical description of the two suspects described in the warrant application. Mr. Moore is over 6 feet tall. He can in no way be described as being thinly built.

11. In *Franks*, the Court held that a defendant may challenge the validity of an affidavit and is entitled to an evidentiary hearing if the veracity challenge is supported by a specific offer of proof with affidavits. The challenge must allege a deliberate falsehood or a reckless disregard for the truth. If the allegations are proven, the warrant is to be examined for a finding of probable cause absent the false statements. *Id.* at 172.

12. In *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), the court held that the sufficiency of a warrant may also be challenged where the affiant knowingly omits material facts from the warrant application. The same procedure as that outlined in *Franks* must be followed in order to secure an evidentiary hearing. If the omissions of material facts are proven by a preponderance of the evidence, the affidavit is to be examined as though the omitted facts had been included. *Id.* at 582, n.13. If the omitted information negates probable cause, or

"casts doubt" on probable cause, the evidence may be suppressed. *United States v. Ippolito*, 774 F.2d 1482 (9th Cir. 1985); *United States v. Dennis*, 625 F.2d 782 (8th Cir. 1980).

13. The measure of reckless disregard may not, alone, be drawn from the facts that the omitted information is "critical" to the probable cause determination. LaFave, Search and Seizure, 2d Ed. § 4.4, 1993 Supplement. However, if the omission is accompanied by a misstatement, the rule of deletion should apply. *Id*.

14. Once the material misrepresentations of fact are deleted or the material omissions of fact are added to the challenged affidavit, the probable cause analysis must follow the "totality of the circumstances test" set out in *Illinois v. Gates , supra*. However, the court in *Gates* also warned that the magistrate must still be provided with enough information to allow him to determine whether he is simply being provided with the "bare conclusions of others." *Id.* at 239.

15. WHEREFORE, for the above stated reasons, and those to be more fully set forth at any hearing on this Motion, the Defendant respectfully prays this Honorable Court suppress the fruits of the GPS tracking warrant used in this case, authorized by the Prince George's County Circuit Court; or, in the alternative: (1) set this matter for a hearing; (2) grant Mr. Moore's Request to Examine those with first-hand knowledge of the information contained in the application for search

warrant; (3) grant Mr. Moore's Motion to Suppress Evidence; and (4) for such further relief as the nature of Mr. Moore's cause and justice may require.

Respectfully submitted,

s/_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2022, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

s/_____
Michael E. Lawlor