UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARIN CARLYLE MOORE, JR., *et al.*,<br><br>Defendants. | Criminal No. 18-198 (JEB) |

## ORDER

With trial currently set for September in this four-Defendant murder-kidnapping case, Defendant Darin Moore again moves to suppress certain evidence. These two Motions are variants of ones the Court has previously denied; as they offer no reason to alter the outcome, they do not succeed.

A. GPS Motion

Moore first seeks to suppress evidence obtained from a GPS tracking device that law enforcement placed on his car in June 2018. See ECF No. 252 (Mot. to Suppress GPS Evid.). The installation of the device was authorized by Prince George's County Circuit Judge Michael D. Whalen in response to a warrant that P.G. police submitted in connection with a home-invasion robbery that May. Id. at 2. Moore here contends that because the warrant included false information in the accompanying affidavit, the officers could not in good faith rely on it. Id. at 2–3. Specifically, the suspects in the robbery were described by witnesses as Black men standing 5'7" or 5'8" with thin builds, and Moore was said to match that description. See id., Exh. A (Warrant Affidavit) at 2. In truth, he notes that he is over 6' and not particularly thin. See MTS GPS Evid. at 4. Moore thus asserts that the Court should hold a Franks hearing to

1

determine if the warrant affiant was intentionally or recklessly untruthful.  Id. (citing Franks v. Delaware, 438 U.S. 154 (1978)).

Even ignoring the fact that Moore previously moved in vain to suppress this information on a different ground, see Minute Order of February 19, 2020 (denying Nov. 1, 2019, Motion to Suppress), the Government has a persuasive rejoinder.  In order to obtain a Franks hearing, a defendant must show that the false information or material omission was "necessary to the finding of probable cause."  438 U.S. at 156.  Put another way, the false statement is material only if, when it is "set to one side, the affidavit's remaining content is insufficient to establish probable cause."  Franks, 438 U.S. at 156.  That is not the case here.

The warrant affidavit explains that a witness "observed the suspects run from the residence [the site of the home invasion] and enter [a] black 4[-]door sedan," in which they fled.  See Warrant Aff. at 3.  Critically, "[a] video camera picked up the make[,] model[,] and tag of the vehicle.  The vehicle came back registered on a 2014 Nissan Maxima registered to [Moore]."  Id.  As the GPS application sought placement of the device on that very car, whether Moore's actual height (and perhaps build) closely accorded with the witnesses' accounts does little to affect probable cause.  No Franks hearing is necessary.

B.  Motion re: Evidence from Car

Moore's next Motion to Suppress is largely duplicative of one his prior counsel filed earlier in the case.  The police here seized his car from the driveway of his girlfriend's house in connection with his arrest.  They then towed it away and, after obtaining a warrant to search it, recovered substantial incriminating DNA evidence inside.  See ECF No. 253 (Mot. to Supp. Evid. from Car).  Defendant's position here is that in seizing the car, officers "entered the

protected curtilage of the residence" in violation of the Fourth Amendment. Id. at 4. This means that the DNA evidence should be suppressed.

This Court previously explained in detail why the seizure was lawful. First, "[t]he 'automobile exception' allows for the warrantless search or seizure of a motor vehicle '[i]f a car is readily mobile and probable cause exists to believe it contains contraband.'" United States v. Moore, 2021 WL 1966570, at *2 (D.D.C. May 17, 2021) (citing, inter alia, United States v. Maynard, 615 F.3d 544, 567 (D.C. Cir. 2010)) (second alteration in original). "This exception extends to cars parked in private driveways." Id. (citing United States v. Goncalves, 642 F.3d 245, 250–51 (1st Cir. 2011) (applying automobile exception to vehicle "parked in a private driveway and unoccupied by anyone who might drive it away"); United States v. Brookins, 345 F.3d 231, 237–38, 237 n.8 (4th Cir. 2003) (same)). Second, there was no "dispute that authorities had probable cause to believe that there was evidence of the kidnapping-murder in the Maxima." Id. Third, "[e]ven if the automobile exception did not apply — and the initial seizure of the Maxima thus violated the Fourth Amendment — the intervening search warrant cures any deficiencies such that the items recovered need not be suppressed." Id. at *3.

In bringing the latest Motion, Moore relies entirely on Collins v. Virginia, 138 S. Ct. 1663 (2018), in which the Supreme Court held that the automobile exception did not apply to a warrantless seizure of a vehicle parked in the curtilage of a home. The circumstances of this case, however, are likely distinguishable from those in Collins. Here, the Government's photo shows that the car is parked in a very short driveway standing between the street and house and in full view of any passerby. See ECF No. 254 (Govt. Opp.) at 13. In Collins, conversely, the driveway was enclosed on two sides by a brick wall and on a third side by the house, and the vehicle sat in the top portion of the driveway. See 138 S. Ct. at 1670–71. Unlike in Collins, the

photo shows that a visitor (including the police who were armed with an arrest warrant for Moore) would have to walk right past the car in order to access the front door of the residence. See Govt. Opp. at 13.

Even if Collins applies here, it is unlikely that Moore has standing to contest the seizure of the vehicle given that it was parked outside the home of the mother of his child, where he did not live and was merely visiting. See Minnesota v. Carter, 525 U.S. 83, 90 (1998) (distinguishing standing of overnight guest with lack thereof for one merely present at house).

Regardless of standing, Defendant never contests that the intervening search warrant cures any Fourth Amendment intrusion. In other words, since the officers were lawfully present at the house to arrest Moore, they could walk up the driveway and observe the damage to the vehicle and zipties inside, both of which were consistent with witness testimony related to the abduction. In addition, they had entirely independent GPS evidence of the vehicle's presence at the kidnapping and murder. These facts, which amply supported the issuance of the warrant, would not be undercut by any improper seizure of the car. See United States v. Glover, 681 F.3d 411, 418 (D.C. Cir. 2012) (Where officers may have entered the home improperly, "evidence subsequently seized pursuant to a valid search warrant is admissible when 'there was an independent source for the warrant under which that evidence was seized.'") (citation omitted).

C. Conclusion

For the foregoing reasons, the Court ORDERS that Defendant's [252, 253] Motions to Suppress are DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 22, 2022

4